**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MYUNG NAM PARK,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  17-71240

Agency No. A097-879-589

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 13, 2020
Pasadena, California

Before:  SCHROEDER, BYBEE, and COLLINS, Circuit Judges.

Petitioner Myung Nam Park, a native of North Korea and citizen of South

Korea, petitions for review of the Board of Immigration Appeals' (BIA) decision

affirming an Immigration Judge's (IJ) denial of Park's applications for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks omitted). We must uphold a finding of fact unless "the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Id.* (alteration and emphasis in original) (internal quotation marks omitted).

1.     To establish eligibility for asylum, the petitioner bears the burden to show that he is unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). The petitioner can carry this burden in two ways. First, he can show that he suffered actual past persecution on account of a protected ground, which leads to a rebuttable presumption that his fear of future persecution is well-

founded.  *See Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000).  Second, he can show that he has a well-founded fear of future persecution that "is both subjectively genuine and objectively reasonable."  *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007).  Here, the agency found that Park showed neither actual past persecution nor a well-founded fear of future persecution.  Both of these findings are supported by substantial evidence.  The mistreatment Park experienced during his initial time in South Korea, while unpleasant, does not rise to the level of persecution.  And the record does not compel us to reject the agency's conclusion that, because Park faced a "low risk of persecution . . . by North Korean agents," his fear of future harm is not well-founded.  Moreover, even if it were, such future harm must be "inflicted either by the government or by persons or organizations which the government is unable or unwilling to control" in order to be grounds for asylum.  *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997).  Here, the BIA correctly concluded that the evidence shows that South Korea would be both willing and able to protect Park should he be targeted for harm.  For these reasons, substantial evidence supports the denial of Park's claim for asylum.

The BIA also held that Park was ineligible for asylum because he was firmly resettled in South Korea.  *See* 8 U.S.C. § 1158(b)(2)(A)(vi) (disqualifying an

applicant from asylum if he "was firmly resettled in another country prior to arriving in the United States"). However, because Park seeks relief from removal *to* South Korea, any finding of firm resettlement in South Korea is irrelevant. Park's resettlement in South Korea would be relevant if he faced removal to North Korea, but here, the government affirmed that he does not. Nonetheless, because substantial evidence support's the agency's finding that Park demonstrated neither actual past persecution nor a well-founded fear of future persecution, this error is not grounds to grant the petition for review.

2. To qualify for withholding of removal, a petitioner must show that "it is more likely than not that the petitioner would be subject to persecution on account of one of the protected grounds" if removed. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (internal quotation marks omitted). Given that substantial evidence supports the IJ's finding that Park faced a low risk of persecution from North Korean agents if he is removed to South Korea, the BIA properly concluded that Park is also ineligible for withholding of removal.

3. A petitioner is entitled to CAT relief if he demonstrates "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Here, the IJ and the BIA found that Park did not meet this burden. Park was not tortured in South Korea in the past, and the

4

record does not support a finding that he is more likely than not to be tortured upon return. Further, as stated above, South Korea would be both willing and able to protect Park should be targeted for future harm by North Korea. Thus, substantial evidence supports the denial of Park's claim for CAT relief.

**PETITION DENIED.**